November 20, 2012

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0975

Re: Whether the Texas Higher Education Coordinating Board may grant a certificate of authority to a foreign school, including a foreign medical school, pursuant to section 61.306 of the Education Code (RQ-1062-GA)

Dear Commissioner Paredes:

You ask whether the Texas Higher Education Coordinating Board (the "Board") has the authority to grant a certificate of authority under section 61.306 of the Education Code to a foreign-based medical school that wishes to offer courses in Texas.[1] A certificate of authority issued by the Board generally allows certain private postsecondary educational institutions[2] to grant degrees and to enroll students for courses which may be applicable toward a degree in Texas. You tell us that a medical school based in the Caribbean seeks to provide clinical training to certain third- and fourth-year students through clerkships at Texas teaching hospitals and that the school "has followed the procedures required by [the Education Code and Board rule] for application for a certificate of authority."[3] Request Letter at 2. You ask whether the Board nevertheless lacks authority to grant a certificate of authority to this medical school because it is not based in the United States. *Id.* Your

---

[1]Letter from Raymund A. Paredes, Ph.D., Comm'r, Tex. Higher Educ. Coordinating Bd., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 21, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]A "private postsecondary educational institution" is "an educational institution which: (A) is not an institution of higher education as defined by Section 61.003; (B) is incorporated under the laws of this state, maintains a place of business in this state, has a representative present in this state, or solicits business in this state; and (C) furnishes or offers to furnish courses of instruction in person, by electronic media, or by correspondence leading to a degree or providing credits alleged to be applicable to a degree." TEX. EDUC. CODE ANN. § 61.302(2) (West 2006). If the institution is accredited by a Texas-approved accrediting agency, it is exempt from the requirement of obtaining a certificate of authority. *See id.* § 61.303(a). Instead, an accredited institution seeking to grant degrees or offer courses applicable toward a degree in Texas would apply for a "certificate of authorization" from the Board. *See id.* § 61.303(c).

[3]*See generally* TEX. EDUC. CODE ANN. § 61.305 (West 2006) (setting forth the elements of an application for a certificate of authority); 19 TEX. ADMIN. CODE § 7.8 (2012) (Tex. Higher Educ. Coordinating Bd., Institutions Not Accredited by a Board Recognized Accreditor) (outlining the process to obtain a certificate of authority for an institution which is not accredited by a recognized accreditor and which does not meet the definition of "institution of higher education" under section 61.003 of the Education Code).

letter assumes that the school in question otherwise meets the statutory and regulatory criteria for issuance of a certificate of authority. We express no opinion on whether the specific medical school in question meets the criteria for a certificate of authority. We address only the general question of whether a school's foreign location makes the school ineligible for a certificate of authority.

Chapter 61, subchapter G of the Education Code governs the Board's power to regulate private postsecondary educational institutions. *See generally* TEX. EDUC. CODE ANN. §§ 61.301– .321 (West 2006). By way of background, subchapter G was originally enacted in 1975 to regulate the increasing use of off-campus instruction, credit by examination, college-without-walls arrangements, and the accompanying proliferation of "degree mill or diploma mill" operations.[4] Subsequent amendments in 1985 closed a loophole that had previously exempted certain unaccredited professional schools, including foreign-based schools operating in Texas, from the regulation of subchapter G.[5] Subchapter G authorizes the Board to issue a certificate of authority authorizing a private postsecondary educational institution to enroll students for courses in Texas which may be applicable toward a degree[6] if the Board "finds that the applicant meets the standards established by the [B]oard for certification."[7] *Id.* § 61.306(a).

Chapter 61 contains no geographic requirements or restrictions that explicitly prevent the Board from issuing a certificate of authority to a foreign-based institution that otherwise meets the standards established by the Board for the issuance of such a certificate. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) (noting that we construe a statute so as to give effect to the Legislature's intent as expressed in its plain language).

---

[4]HOUSE COMM. ON HIGHER EDUC., BILL ANALYSIS, Tex. H.B. 1538, 64th Leg., R.S. (1975).

[5]HOUSE COMM. ON HIGHER EDUC., BILL ANALYSIS, Tex. H.B. 934, 69th Leg., R.S. (1985) ("Certain unaccredited professional schools (e.g. private medical or law schools) currently are not subject to any type of quality standards because of provisions in the law which exempt from state regulation any schools whose graduates are subject to state licensure. Concerns have been raised by the attorney general's office and the Coordinating Board over the operation in El Paso of a Caribbean medical school branch facility.").

[6]*See* TEX. EDUC. CODE ANN. § 61.302(1) (West 2006) (defining a "degree" to include "any title or designation, mark, abbreviation, appellation, or series of letters or words, including . . . doctor's . . . which signifies, purports to, or is generally taken to signify satisfactory completion of the requirements of all or part of a program of study leading to [a] . . . doctor's degree or its equivalent"); *see also id.* § 61.313(a) (providing that, absent a certification of authority granted under subchapter G, an institution generally "may not . . . use the term . . . 'school of medicine,' 'medical school,' [or] 'health science center,'" among others).

[7]To apply for a certificate of authority, the Board requires that an institution meet certain eligibility requirements concerning the current legal operation of the institution. *See* 19 TEX. ADMIN. CODE § 7.8(1)(A) (2012) (Tex. Higher Educ. Coordinating Bd., Institutions Not Accredited by a Board Recognized Accreditor) (Certificate of Authority, Eligibility). In addition, an institution must, among other requirements: (1) have either a letter of exemption or Certificate of Approval from the Texas Workforce Commission; (2) comply with standards for operations of institutions set forth by rule; (3) submit all accrediting agency reports, findings, and responses; and (4) be subject to an on-site evaluation if deemed necessary by the Commissioner of Higher Education. *See id.* § 7.8(3) (Authorization Process).

We have not found, nor have you directed this office to, any other legal requirement or restriction that would prevent the Board from considering a foreign institution as a candidate for a certificate of authority. Because there is no statutory requirement that the institution applying for a certificate of authority be of domestic origin, a foreign medical school that otherwise satisfies the statutory and regulatory criteria could be considered by the Board as a candidate for a certificate of authority.

Notably, however, nothing in chapter 61 explicitly prevents the Board from denying an original certificate of authority on the basis of the applicant's foreign location or for any other reason the Board deems appropriate. The plain language of subsection 61.306(a) makes it clear that the Board's power to bestow original certificates of authority is discretionary. TEX. EDUC. CODE ANN. § 61.306(a) (West 2006) ("The board *may* issue a certificate of authority . . . if it finds that the applicant meets the standards established by the board for certification.")[8] (emphasis added). Thus, even if a private postsecondary educational institution meets all the standards established by the Board for original certification, the Board retains the discretion to grant or deny the certificate as it deems appropriate.[9] In sum, nothing in the statute indicates that foreign schools are excluded from consideration. By the same token, nothing indicates the Board must include them, either. It is up to the Board to determine, in the first instance, whether the granting of a certificate of authority to a particular school is consistent with the Board's standards.

Some briefing submitted to this office has suggested that the Board delay action until the Legislature can consider the policy implications of a decision to allow or disallow the issuance of certificates of authority to foreign schools. We find no statute limiting the exercise of the Board's discretionary authority to any particular time period. Thus, nothing prevents the Board from delaying consideration of a pending application for an original certificate of authority at its discretion.

In sum, we conclude that chapter 61 of the Education Code gives the Board discretion to grant or deny a certificate of authority to a foreign medical school that otherwise satisfies the statutory and regulatory criteria for issuance of a certificate.

---

[8]*But see* TEX. EDUC. CODE ANN. § 61.308(c) (West 2006) (providing that on an application for *renewal* of a certificate of authority, "[t]he Board *shall* renew the certificate if it finds that the institution has maintained all requisite standards and has complied with all rules and regulations promulgated by the board") (emphasis added).

[9]*See also id.* § 61.310 (providing that an institution is entitled to written notice of the reasons for a denial and may request a hearing); 19 TEX. ADMIN. CODE § 7.8(3)(M)–(N) (2012) (Tex. Higher Educ. Coordinating Bd., Institutions Not Accredited by a Board Recognized Accreditor) (providing that if the Board approves the application then the certificate of authority is immediately prepared, but if the Board does not approve the application then the Commissioner of Education immediately notifies the institution of the denial and the reasons for the denial).

## S U M M A R Y

Chapter 61 of the Education Code gives the Board discretion to grant or deny a certificate of authority to a foreign medical school that otherwise satisfies the statutory and regulatory criteria for issuance of a certificate.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee